IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELLE DEAN,<br><br>    Plaintiff;<br><br>v.<br><br>CHRISTIANA CARE HEALTH SERVICES, INC.,<br><br>    Defendant. | Civil Action No. 12-059-RGA |

MEMORANDUM OPINION

  Gary W. Aber, Esq. (argued), Aber, Baker & Over, Wilmington, DE, Attorney for the Plaintiff.

  Colm F. Connolly, Esq., Morgan, Lewis & Bockius LLP, Wilmington, DE,; Lauren E. Buechner, Esq. & Michael J. Ossip, Esq. (argued), Morgan, Lewis & Bockius LLP, Phildelphia, PA, Attorneys for the Defendant.

September 16, 2013

ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently before the Court is the Defendant Christiana Care Health Services's Motion for Summary Judgment (D.I. 56) and the parties' associated briefing (D.I. 60, 62, 65, 66, 68). This is a suit for discrimination against the plaintiff based upon her sex and pregnancy in violation of 42 U.S.C. § 2000e-2 and retaliation for her seeking FMLA leave in violation of 29 U.S.C. § 2615 and 29 C.F.R. §825.220(c). For the reasons set forth herein, the Defendant's motion is **DENIED**.

## DISCUSSION

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The burden on the moving party may be discharged by demonstrating that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 323.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986);

1

*Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." FED.R.CIV.P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

### B. Decision

Plaintiff, Michelle Dean, filed this action alleging sex and pregnancy discrimination under Title VII (Count I) and retaliation for Plaintiff's exercise of her FMLA rights (Count III).[1] The Defendant conceded at oral argument that there is a disputed fact concerning whether the Defendant notified the Plaintiff of the "bending" accommodation that it was willing to offer. The Defendant contends, however, that this dispute is not material.

---

[1] The parties stipulated during oral argument to the dismissal of Count II, Plaintiff's Title VII retaliation claim.

2

### Count I – Pregnancy Discrimination

Employment discrimination based on a person's sex is prohibited under Title VII. 42 U.S.C. § 2000e-2 (a). "The Pregnancy Discrimination Act ('PDA') explicitly provides that, for the purposes of Title VII, 'on the basis of sex,' includes discrimination 'because of or on the basis of pregnancy, childbirth, or related medical conditions.'" *Butz v. Lawns Unlimited Ltd.*, 568 F. Supp. 2d 468, 475 (D. Del. 2008) (citations omitted). "The prohibition is breached whenever an employee's pregnancy or related medical condition is a motivating factor for the employer's adverse employment decision." *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 364 (3d Cir. 2008) (citations, brackets, and quotation marks omitted). "The PDA does not . . . require preferential treatment for pregnant employees. Instead, it mandates that employers treat pregnant employees the same as non-pregnant employees who are similarly situated with respect to their ability to work." *Id.*

A disparate treatment discrimination case is proven through either direct evidence that shows an intent to discriminate or indirect evidence that would allow a court to infer the discriminatory intent. *Id.* A court decides a case involving indirect evidence through the use of the *McDonnell-Douglas* burden shifting framework. *Id.*

> [T]he employee must first establish a *prima facie* case. If the employee is able to present such a case, then the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for its adverse employment decision. If the employer is able to do so, the burden shifts back to the employee, who, to defeat a motion for summary judgment, must show that the employer's articulated reason was a pretext for intentional discrimination.

*Id.* However, "[t]he elements of [a] *prima facie* case . . . must not be applied woodenly, but must rather be tailored flexibly to fit the circumstances of each type of illegal discrimination." *Geraci v. Moody-Tottrup, Int'l, Inc.*, 82 F.3d 578, 581 (3d Cir. 1996). Furthermore, the Supreme Court

instructed that the burden of a *prima facie* case is "'a burden easily met.'" *C.A.R.S.*, 527 F.3d at 364 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

The Third Circuit has determined that the showing of a *prima facie* case for pregnancy discrimination under Title VII requires that:

1. The employer must have actual knowledge of an employee's pregnancy;
2. The plaintiff must be qualified for her job;
3. The plaintiff must have suffered an adverse employment action; and
4. That there is a nexus between the plaintiff's pregnancy and the adverse employment action.

*Id.* at 365-66.

The Defendant, for the purposes of this motion, conceded the first three elements. (D.I. 66 at 14). However, the Defendant's concession as to the third element was only in terms of recognizing that the Plaintiff's termination would be sufficient for a *prima facie* case. *Id.* However, the Plaintiff contends that the adverse employment action was not her dismissal but instead the Defendant's purposeful failure to inform her that she would be granted a "bending" accommodation. (D.I. 60 at 18-19). The Plaintiff further contends that this failure forced her to choose between injuring her unborn child by returning to work without an accommodation or taking unnecessary leave. *Id.* While the Defendant contends that there was no policy requiring accommodation for a similarly situated employee, (D.I. 15 at 4-5), the deposition of Ms. Delgado indicates that there is at least a genuine factual dispute as to the existence of such an unwritten

4

accommodation policy. (D.I. 61 at A173). Therefore there exists a genuine factual dispute as to whether a similarly situated employee, who could not bend, would be accommodated.[2]

The Plaintiff also provides sufficient evidence to create a genuine factual dispute regarding the fourth element. A causal link or nexus can be shown not only by a temporal connection between the events, but also by circumstantial evidence of a "pattern of antagonism following the protected conduct. . . ." *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1997) (internal quotation marks and citations omitted). Furthermore the evidence "as a whole may suffice to raise [an] inference." *Id.* (internal citations and quotation marks omitted). Here, the Plaintiff put forth evidence of ongoing antagonism between the Defendant and the Plaintiff concerning the Plaintiff's use of FMLA leave (D.I. 66 at 3-6), and the existence of an unwritten policy to accommodate similarly situated persons that was not properly applied to the Plaintiff. (D.I. 66 at 9). This evidence is sufficient to satisfy the Plaintiff's *prima facie* burden and to create a genuine factual dispute. Hence, the Plaintiff has raised an inference of discrimination sufficient to defeat summary judgment.

Furthermore, the Defendant fails to raise a legitimate reason for its failure to notify the Plaintiff of the bending restriction[3] and only discusses legitimate reasons that the Plaintiff's employment was terminated. (D.I. 60 at 16). Therefore the Court need not continue the *McDonnell-Douglas* analysis.

---

[2] The parties did not brief the issue as to whether a failure to accommodate a person, who, when bending, has contractions that may injure that person's unborn child, is an adverse employment action. The Court will assume for this motion that it is.

[3] This is understandable, since the Defendant was willing to make the accommodation, and has proffered substantial evidence that it did notify the Plaintiff of its willingness to accommodate her.

5

As the Plaintiff has shown evidence that, if believed, established her *prima facie* case, and the Defendant failed to provide any legitimate reasons for the adverse employment action, the Defendant has not met its burden, and the Court will therefore deny the Defendant's Motion for Summary Judgment on Count I.

### Count III – FMLA Retaliation

The Court applies the same *McDonnell-Douglas* burden-shifting framework to an FMLA retaliation case. *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012). A *prima facie* case for FMLA retaliation has three elements:

1. That the Plaintiff invoked an FMLA right;
2. That the Plaintiff suffered an adverse employment decision; and
3. That the adverse decision was causally related to the Plaintiff's invocation of her FMLA right.

*Conoshenti v. Public Service Elec. & Gas Co.*, 364 F.3d 135, 146 (3d Cir. 2004).

As the Defendant, the moving party, has provided no briefing as to the first two elements of the *prima facie* case, the Court will assume, for the purposes of this decision, that the Defendant concedes these two elements. As for the third element, the reasons discussed above concerning the nexus requirement for Title VII discrimination apply here. Therefore there is a genuine factual dispute as to whether the adverse employment action and the invocation of the Plaintiff's FMLA right are causally connected. Furthermore, the Defendant did not put forth any legitimate nondiscriminatory reason for the adverse employment decision in its briefing, so the Court need not continue the *McDonnell-Douglas* analysis.

6

As there are material facts genuinely in dispute in regard to the *prima facie* case, and the Defendant failed to provide any legitimate reasons for the adverse employment action, the Defendant has not met its burden, and the Court will deny the Defendant's Motion for Summary Judgment as to Count III.

### D. Conclusion

For the reasons above, the Court will deny the Defendant's Motion for Summary Judgment. An appropriate order will be entered.